UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-22807-CIV-KING

TAMARA TAYLOR,

        Plaintiffs,

v.

MARIE FRANCES ADAM, M.D.

        Defendants.
_____/

## ORDER ON PLAINTIFF'S VERIFIED MOTION FOR ATTORNEYS FEES AND COSTS

THIS MATTER is before the Court upon Plaintiff's Verified Motion For Attorneys Fees and Costs Pursuant To 29 Usc §216(B), Fed. R. Civ. Pro. 54(D) and Local Rule 7.3. [D. 77], filed on June 7th, 2013.

The Court, having reviewed the Motion and being advised fully in the premises, hereby **ORDERS and ADJUDGES** as follows:

This Court hereby orders that Plaintiff's Verified Motion For Attorneys Fees And Costs Pursuant To 29 USC §216(B), Fed. R. Civ. Pro. 54(D) and Local Rules 7.3 is hereby **GRANTED**.

Plaintiff is entitled to her attorneys fees and costs for pursuing her Fair Labor Standard Act ("FLSA") minimum wage and overtime claims against Defendant totaling 146.15 hours or twenty eight thousand and four dollars and zero cents ($28,004.00).

Plaintiff is also entitled to the costs associated with pursuing her FLSA claims totaling one thousand six hundred and fifteen dollars and fifty-six cents ($1,615.56)

minus costs already paid to Plaintiff by Defendant in the amount of one thousand dollars ($1,000.00), for a total of six hundred and fifteen dollars and fifty-six cents ($615.56).

Plaintiff is therefore entitled to a total amount of twenty eight thousand six hundred and sixty seven dollars and six cents ($28,667.06) for attorneys fees and costs.

This Court shall enter a Final Judgment of attorneys fees and costs against Defendant by separate order.

## I. BACKGROUND

This action was brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 – 219 ("the FLSA"), and F.S.A. § 448.10, 29 U.S.C. § 207 (a)(2)(c) to recover from the Employer unpaid minimum and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. §201 et.seq., and specifically under the provisions of 29 U.S.C. § 207.

Plaintiff filed this action on August 4, 2011 claiming unpaid minimum and overtime wages and retaliatory termination under the Fair Labor Standards Act [D.1].

On October 25, 2012, Defendant's counsel provided Plaintiff's counsel with two checks to be paid to Plaintiff in the amount of $12,960.00, the total amount Plaintiff seeks in this lawsuit for unpaid wages and overtime, plus statutory damages (Counts I and II of Plaintiff's Complaint) ("Defendants Payment of Unpaid Wages").

Plaintiff claimed that the total amount of the checks did not fully compensate for the FLSA related damages as it did not account for or include attorneys fees and costs expended in litigating the claims. The checks are being held by Plaintiff's counsel in escrow pursuant to Defendants' counsel instructions to hold the checks in escrow if Plaintiff did not agree with the amount.

## II. LEGAL STANDARD

The award of attorney's fees and costs in FLSA cases is mandatory and non-discretionary pursuant to 29 USC §216(b).

This Court hereby awards Plaintiff her attorneys fees and costs associated with litigating Counts I and II of her Complaint for the following reasons: (1) like the decision in Dionne v. Floormasters Enterprises, Inc., No. 09-15405 (11th Cir. Jan 13, 2012) clarified opinion, Plaintiff did not concede that Plaintiff's case was moot with the tendering of Defendant's Payment of Unpaid Wages since it does not fully compensate Plaintiff for her FLSA claims;

(2) Plaintiff and Defendant (the "Parties") litigated this action aggressively for over a year before Defendant's Payment of Unpaid Wages was delivered to Plaintiff's counsel. Therefore allowing for the mere tender of full payment runs counter to the spirit of the FLSA. See Tapia v. Florida Cleanex, Inc. Case No. 09-215-Civ-Ungaro citing Klinger v. Phil Mook Enters., et al. Case No. 11-cv-1586-T-27TGW (Tampa Division));

(3) this Court has found in Tapia v. Florida Cleanex, Inc. (citing Manfred v. Focus Receivables Mgmt., LLC, case No. 10-60597-Civ-Zloch, D.E. 29) that the mere tendering of full payment of wages would eviscerate the procedures set forth in Fed. R. Civ. Pro. 68; and

(4) the 11th Circuit has found in Silva v. Miller, 307 Fed. App'x 349, 351(11th Cir. 2009) that FLSA requires judicial review of attorneys fees to ensure that counsel has been compensated adequately. (cited also by Klinger v. Phil Mook Enters., et al. Case No. 11-cv-1586-T-27TGW (Tampa Division).

### III. AMOUNT OF ATTORNEY FEES AND COSTS

The method for evaluating Plaintiff's FLSA attorneys' fees is consistent with the Supreme Court reasonable fee under the lode star method. Hensely v. Eckhart, 461 U.S. 424 (1983). The reasonable amount of hours, are the hours that the court reasonably finds that counsel expended in attaining the result for the client. Norman v. Hous. Author. Of City Montgomery, 836 F. 2d 1292, 1299 (11th Cir. 1988).

Plaintiff's counsels have expended 91.5 attorney hours and 54.65 legal assistants hours for a total of 146.15 hours or twenty eight thousand and four dollars and zero cents ($28,004.00). Out of those hours Gerardo A. Vazquez, with over nineteen years of experience expended 8.75 hours at an hourly rate of $350.00 per hour; Julisse Jimenez, with over four years of experience expended 82.75 hours at an hourly rate of $250.00 per hour, and paralegals (Fredereika Vazquez, Yaisy Linares and Noubla Bentayeb with experience ranging from two to ten years of experience) expended 54.6 hours at an hourly rate of $95.00 per hour.

The Court finds that the hourly rates and time expended are reasonable under the lode star method and consistent with other decisions in the Southern District where the Court determined that an hourly rate of $400.00 per hour is a reasonable hourly rate for an attorney with eight years of experience.

The Court concludes that Plaintiff is entitled to her attorneys fees and costs for pursuing her minimum wage and overtime claims against Defendant totaling 146.15 hours or twenty eight thousand and four dollars and zero cents ($28,004.00), and costs totaling six hundred and fifteen dollars and fifty-six cents ($615.56) for a total amount of twenty eight thousand six hundred and sixty seven dollars and six cents ($28,667.06).

**DONE and ORDERED** in Chambers, at Miami, Florida, this 12 day of June, 2013.

*[signature]*
HON. JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record