UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-22807-CIV-KING

TAMARA TAYLOR,

    Plaintiffs,

v.

MARIE FRANCES ADAM, an individual d/b/a
UNIVERSITY MEDICAL HEALTH CENTER,

    Defendants.
_____/

## ORDER VACATING ORDER ON ATTORNEYS FEES

**THIS MATTER** comes before the Court upon Defendant's Motion for Rehearing and to Vacate the Court's June 12, 2013 Order on Plaintiff's Motion for Fees (DE #79), filed June 17, 2013. Upon review of the docket and the briefs,[1] Court finds that its June 12, 2013 Order on Plaintiff's Verified Motion for Attorneys Fees and Costs (DE #78) was entered in error and should be vacated.

    Plaintiff filed the above-styled action on August 4, 2011, alleging violations of the Fair Labor Standards Act ("FLSA"). The claims for unpaid overtime hours and minimum wage (Counts I and II) have not been at issue in this case since Defendant tendered to Plaintiff the full damages she claimed under those counts on October 25, 2012 and subsequently were dismissed as moot. *See* (DE #72). Plaintiff's claim for retaliatory termination (Count III) is proceeding. However, following the pre-trial conference on April 5, 2013, Plaintiff's former counsel informed the Court that it would need to serve as

---

[1] Plaintiff filed a Response (DE #80) on June 20, 2013.

1

a factual witness on Count III and therefore would need to withdraw from representing Plaintiff. Plaintiff's former counsel subsequently filed on June 7, 2013 the motion for attorneys fees and costs totaling $28,667.06, which though unsigned by Plaintiff's substituted counsel was purportedly filed on Plaintiff's behalf. (DE #77).

FLSA permits a prevailing plaintiff to recover fees and costs. However, Plaintiff did not prevail on Counts I or II. As this Court explained recently, Defendant's act of "tender[ing] payment for the full damages that Plaintiff could recover under his claim" mooted Counts I and II. *Bilbao v. Bros. Produce*, No. 13-20535-CIV-KING, 2013 WL 1914406, at *2 (S.D. Fla. May 8, 2013) (internal citations omitted). Under such circumstances, "Plaintiff is not a 'prevailing party' for the purpose of being awarded attorneys fees under the FLSA's fee-shifting provision." *Id.*

Accordingly, after careful consideration, it is **ORDERED, ADJUDGED,** and **DECREED** that the Court's Order on Plaintiff's Verified Motion for Attorneys Fees and Costs (**DE #78**) be, and is hereby, **VACATED and SET ASIDE** and Defendant's Motion for Rehearing and to Vacate the Court's June 12, 2013 Order on Plaintiff's Motion for Fees (**DE #79**) be, and is hereby, **GRANTED.**

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 21st day of June, 2013.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**Cc: All Counsel of Record**