UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-CV-22807-KING/MCALILEY

TAMARA TAYLOR,

       Plaintiff,

v.

MARIE FRANCES ADAM, M.D.,

       Defendant.
_____/

**PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AND
COMPEL PRODUCTION OF EXECUTED SETTLEMENT AGREEMENT**

    Plaintiff, TAMARA TAYLOR, through her undersigned counsel, hereby files this Motion to Enforce Settlement and Compel Production of Executed Settlement Agreement and states as follows:

    1.    On January 3, 2014, the parties' representatives reached a settlement agreement of this matter and promptly filed a Notice of Settlement with the Court. The only remaining claim for the Plaintiff's case was a retaliation count under the FLSA, as Plaintiff's prior FLSA counts had been paid in full and dismissed by the Court [D.E. #72, page 2].

    2.    On January 7, 2014, Plaintiff's counsel forwarded Defendant's counsel a draft settlement agreement for review/execution by the Defendant for the settlement of the retaliation claim. Defendant did not provide any changes to the agreement.

    3.    On January 13, 2014, the Court issued a Final Order of Dismissal [D.E. #102] based upon the Notice of Settlement filed [D.E. #101], dismissing the above-identified matter and closing the case.

    4.    After not receiving the executed Settlement Agreement, Plaintiff's counsel submitted

numerous correspondences and communications to Defendant's counsel to obtain the executed Settlement Agreement, and even forwarded the Plaintiff's executed agreement to the Defendant that would require payment by January 15, 2014.

5. Defendant in turn provided Plaintiff with a modified settlement agreement on January 16, 2014 that, for the first time, stated that the Defendant's counsel was now requiring Court Approval of the settlement, as would be accomplished for an FLSA wage settlement.

6. This was despite (a) the Court already dismissing the FLSA claims back on April 9, 2013, (b) the Court dismissing the lawsuit in its entirety on January 13, 2014, and (c) there being no payment of FLSA wages for this settlement. The only claim remaining is retaliation.

7. Yet, there is no basis in law for the Defendant to require Court Approval for an FLSA retaliation settlement, and Defendant, despite Plaintiff's request, has not provided any such legal authority. To the contrary, it is clear that "FLSA retaliation claims (or non-FLSA claims, for that matter) need not be approved by the District Court." McQuillan v. H.W. Lochner, Inc., 2013 WL 6184063 (M.D.Fla. 2013); Yost v. Wyndham Vacation Resorts, Inc., 2012 WL 1165598, at *3 (M.D. Fla. 2012) ("Because *Lynn's Foods,* 679 F.2d at 1355, only requires 'compromises of FLSA back wage or liquidated damage claims' to be presented to the District Court for a determination of whether the proposed settlement is fair and reasonable, the Court does not need to review the parties' settlement of Plaintiff's other claims, provided its terms do not serve to contaminate the Agreement as to the FLSA claim. (citing Lynn Foods Stores, Inc. v. United States Dep't of Labor, 679 F.3d 1350, 1355 (11th Cir.1982), adopted, 2012 WL 1165468 (M.D.Fla. Apr.9, 2012).

8. At this point, Plaintiff simply wishes to conclude this matter but cannot do so as the Defendant refuses to execute the settlement agreement provided by the Plaintiff unless Court Approval is obtained, which as set forth above is unnecessary.

9.      However, because the Plaintiff's counsel has not received the executed Settlement Agreement, the Plaintiff now seeks the Court's intervention to compel the production of the executed Settlement Agreement without Court Approval, and to reserve jurisdiction for attorneys' fees, costs and expenses for Plaintiff's counsel being forced to expend time attempting to conclude this matter.

WHEREFORE, the Plaintiff respectfully requests the Court to grant this motion and reserve jurisdiction for an award of attorneys' fees, costs and expenses.

Respectfully submitted,

LEVY & LEVY, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Telephone: (954) 763-5722
Facsimile:    (954) 763-5723
E-mail: chad@levylevylaw.com
Co-Counsel for Plaintiff


*/s/ Chad E. Levy*
Chad E. Levy
Florida Bar No.  0851701

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 20, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

*/s/ Chad E. Levy*
CHAD E. LEVY

3

## SERVICE LIST

Guy F. Giberson
Damian & Valori, LLP
1000 Brickell Avenue, Suite 1020
Miami, FL 33131
Email: ggiberson@dvllp.com
*Counsel for Defendant*